UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.: 04-10160 WGY

UNITED STATES OF AMERICA

v.

CESAR MIRANDA

**SENTENCING MEMORANDUM OF CESAR MIRANDA**

The defendant CESAR MIRANDA is a thirty nine year old man from the Dominican Republic who is before this Court for sentencing in a one count indictment charging him with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. Mr. Miranda and the government agreed that he was responsible for a quantity of drugs in excess of five hundred but less than two kilograms of cocaine. The Probation officer concurred with this result, and further calculated that Mr. Miranda is responsible for eight hundred grams of cocaine : three hundred of which he delivered on three separate occasions and five hundred which he hoped to find, although it never materialized. The parties and Probation agree that the guidelines calculations begin at Level 26. They further agree that Mr. Miranda should receive a five point reduction pursuant to U.S.S.G. 5K1.2 and U.S.S.G. 3E1.1. Mr. Miranda asserts that he should receive an additional two point reduction pursuant to U.S.S.G. § 3B1.2 (b), as a minor participant in this drug conspiracy. Without the adjustment, the final sentencing range at level 21 is 37-46 months. If the adjustment is granted, the sentencing range will be from t30-37 months imprisonment. Mr. Miranda carries the burden of persuasion, United States v. O'Casio, 914 F.2d 330 ( 1st Cir.1990) in an analysis driven by the facts of this particular case. United States v. Cruz, 120

F.3d 1 (1997). In the alternative, Mr. Miranda argues that a sentence of thirty months will satisfy the purposes of sentencing as described in 18 U.S.C. § 3553.

In its response , the Probation officer correctly notes that the defendant must prove that he is both less culpable than the other conspirators and that he is less culpable than the majority of persons who are sentenced at his level. United States v. Santos, 357 F.3d 136 ( 1st Cir. 2004) The probation officer notes that Mr. Miranda has shown that he is less culpable than the other conspirators. He is involved here for a short length of time, for a smaller quantity of cocaine and without opportunity to know the breadth or depth of the operation.

Mr. Miranda distributed three hundred grams of cocaine that were provided to him by Rosario. Three hundred grams of cocaine would be equivalent to an offense level 22 pursuant to U.S.S.G. § 2D1.1. Here , Mr. Miranda is charged with a quanity more that five hundred grams because of his attempt to procure one half kilogram of cocaine for Mr. Rosario. Mr. Miranda did not have experience in obtaining drugs in this quantity and was not successful . While he talked avidly about finding it, he did not have the contacts or experience to succeed. The fact that his present guideline level includes only the quantities that he actually handled or wanted to obtain during the month of his involvment, does not preclude him from receiving this adjustment , pursuant to U.S.S.G. § 3B1.2 Ap. Note 3(B).

Independent of the guidelines, Mr. Miranda asserts that a sentence of thirty months is an appropriate sentence to satisfy the purposes of sentencing, pursuant to 18 U.S.C. § 3553. Before this case, Mr. Miranda had never been in prison. His one prior criminal history point stems from an arrest for possession of a small amount of marijuana , a misdemeanor in New York, that was handled administratively. Although he has been in the United States for more than ten years, the present conviction constitutes an " aggravated felony" within the meaning of the Immigration and Naturalization Act. As such, he will be subject to continued detention whenever he finishes his

term of imprisonment, pursuant to 8 U.S.C. § 1226 (c).  As an aggravated felon, he will be permanently barred from returning to this country.

      Mr. Miranda has been incarcerated since his arrest on March 31, 2004.  He has thought about his errors and has developed a plan for his future.  Although books are difficult to obtain in prison, he has tried to read whatever he could find in English, to improve his language skills.  He continues to write to his family in the Dominican Republic, especially his children.  He hopes to reestablish ties with his children whom he has not seen since 1994. He would like to study accounting so that he has a greater portfolio of skills when he returns.  He also believes that he will benefit from mental health counseling and the five hundred hour drug program.

      For these reasons, a sentence of thirty months would be an appropriate sentence, as a guideline sentence and a sentence that fits the statutory purposes.


Respectfully Submitted,
CESAR MIRANDA
By his attorney,

  /s/ Lenore Glaser                                Dated: May 2, 2005
Lenore Glaser, Esq.
25 Kingston Street, 6th Floor
Boston, MA 02111
(617) 753-9988
BBO # 194220